**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JESIL ABRAHAM WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 02-CV-0323-CVE-PJC |
| ) | |
| STATE OF OKLAHOMA; and ) | |
| TULSA COUNTY, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his First Degree Murder conviction entered in Tulsa County District Court, Case No. CF-98-4839. Respondent filed a response (Dkt. # 4) to the petition. Petitioner filed a reply (Dkt. # 6) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

The record demonstrates that on January 3, 1997, Mitchell Knighten was shot and killed at an apartment located in Tulsa, Oklahoma. Petitioner, Jesil Abraham Wilson, was charged by a second amended information with First Degree Murder in Tulsa County District Court, Case No. CF-98-4839, in connection with the killing. He was thirteen (13) years old, approximately three (3) weeks shy of his fourteenth birthday, at the time of the shooting.

Preliminary hearing was held November 4, 1998. At that time, the trial court considered and denied Petitioner's application for certification as a child and he was bound over for trial as an adult.

Petitioner was represented at the hearing by attorney Michael French. Nothing in the record indicates Petitioner appealed the denial of his application to be certified as a child.

At the conclusion of a jury trial, held June 9-10, 1999, Petitioner was found guilty of First Degree Murder. The jury recommended a sentence of life imprisonment and a $10,000 fine. On August 19, 1999, the trial court sentenced Petitioner in accordance with the jury's recommendation. At trial, Petitioner was represented by attorney David Phillips.

Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Kimberly D. Heinze, Petitioner raised four (4) propositions of error, as follows:

> Proposition 1: Key evidence corroborating Appellant's theory of defense was kept from the jury by a trial court that also refused instruction on the defense theory of the case, in violation of Wilson's constitutional rights.
>
> Proposition 2: The trial court erred in failing to instruct upon self-defense or defense of another.
>
> Proposition 3: The evidence was insufficient to prove that Wilson was a principal to the crime charged, even as an aider and abettor, and the conviction must be reversed with instructions to dismiss.
>
> Proposition 4: The cumulative effect of all the errors addressed above deprived Appellant of a fair trial.

(Dkt. # 4, Ex. A). On November 29, 2000, the OCCA entered its unpublished summary opinion (Dkt. # 4, Ex. D) affirming the Judgment and Sentence of the trial court.

On October 12, 2001, Petitioner filed an application for post-conviction relief (Dkt. # 1, Ex. 1) in the state district court. By order filed February 1, 2002 (Dkt. # 1, Ex. 3; Dkt. # 4, Ex. E), Petitioner's request for post-conviction relief was denied. The state district court recognized and rejected the following claims:

      1.      That he was denied effective assistance of appellate counsel for counsel's failure to raise "dead-bang reversible error" on direct appeal.

      2.      That trial counsel was ineffective during certification/preliminary hearing for:
          a.     failing to properly investigate the petitioner's case,
          b.     failing to prepare and file a motion to suppress the Petitioner's confession,
          c.     failing to call witnesses,
          d.     failing to introduce past acts of violence by the victim, and
          e.     waiving competency issues.

See Dkt. # 1, Ex. 3. Petitioner appealed to the OCCA. By order filed March 14, 2002, in Case No. PC-2002-260 (Dkt. # 1, Ex 6; Dkt. # 4, Ex. G), the OCCA affirmed the denial of post-conviction relief. In its order, the OCCA recognized that Petitioner had raised the following claims of error: 1) the District Court lost jurisdiction over his case "in that it failed to complete the court in binding me over to adult court out of reverse certification as a minor child"; 2) he was denied his privilege against self-incrimination by the juvenile judge; 3) the state presented insufficient evidence of "premeditated murder"; and 4) he was denied effective assistance of appellate counsel. See Dkt. # 1, Ex. 6; Dkt. # 4, Ex. G.

      On April 25, 2002, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). His petition is not a model of clarity as it fails to set forth separately identified claims warranting habeas corpus relief. However, the Court has carefully reviewed the petition and finds that Petitioner challenges his conviction based on (1) alleged irregularities at the preliminary hearing and the hearing on Petitioner's application for certification as a child, including ineffective assistance of counsel Michael French for (a) failing to prepare and having no experience with representing a juvenile defendant in a capital case, (b) voluntarily combining into one proceeding the preliminary hearing and the certification hearing, (c) failing to file a motion in limine or motion to suppress to prevent introduction of prejudicial statements made during interviews at the scene of the shooting,

3

(d) failing to present Petitioner's defense, and (e) failing to move for a competency evaluation; and (2) improper imposition of a procedural bar by the state courts on his claims asserted in his application for post-conviction relief. In response to the petition, Respondent asserts that this Court is precluded from considering Petitioner's claims based on the state courts' procedural bar. See Dkt. # 4.

*ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has exhausted his state court remedies for the purposes of federal habeas corpus review. The Court agrees and finds that the exhaustion requirement of 28 U.S.C. § 2254 (b) is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.   Procedural bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of

cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)). To determine whether a state procedural bar is an adequate and independent ground to bar federal review of a constitutional claim, this Court must apply the state's rule in effect at the time of the purported procedural default. Barnett v. Hargett, 174 F.3d 1128, 1134 (10th Cir. 1999).

In this case, Petitioner's allegations of error arising from the preliminary hearing and the hearing on Petitioner's motion to be certified as a child were first presented to the OCCA on post-conviction appeal. The OCCA imposed a procedural bar on the claims, holding as follows:

> [w]e find Petitioner has failed to establish entitlement to relief in this post-conviction proceeding. Except for his claim of ineffective assistance of appellate counsel, the propositions of error asserted by Petitioner in his post-conviction application either were or could have been raised in the direct appeal of his conviction. All issues not raised in a direct appeal that could have been raised are waived. *Webb v. State*, 1991 OK CR 38, ¶ 6, 835 P.2d 115. Further, any claim that was raised and ruled upon by this Court on direct appeal is res judicata and may not be the basis of a post-conviction application. *Id.*

(Dkt. # 4, Ex. G). Thus, the state appellate court found that the claims were procedurally barred because they could have been but were not raised on direct appeal.

Applying the principles of procedural default to this case, the Court concludes that Petitioner's claims, including his claims of ineffective assistance of counsel at the hearing on the application for certification as a child, are procedurally barred. The OCCA's procedural bar is an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The Court also finds that the bar imposed by the OCCA on Petitioner's claims of ineffective assistance of counsel is based on state law grounds adequate to preclude federal review. When the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns may justify an exception to the general rule of procedural default. Brecheen v. Reynolds,

5

41 F.3d 1343, 1363 (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998). In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in the instant case in light of the factors identified in English, the Court concludes Petitioner's claims of ineffective assistance of counsel are procedurally barred. Petitioner complains of assistance provided by attorney Michael French. Mr. French was allowed to withdraw from representation after the preliminary hearing. Petitioner was represented at trial by attorney David Phillips. On appeal, Petitioner was represented Kimberly D. Heinze. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel both at trial and on appeal. The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Even if Petitioner's claims in this case could not all be resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the Oklahoma

Court of Criminal Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). Although Respondent has alleged an independent and adequate procedural bar, Petitioner has not put the adequacy of Oklahoma's remand procedure at issue. As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of counsel as to attorney French are procedurally barred.[1]

As a result of the procedural bar, this Court may not consider his instant claims unless Petitioner is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 510 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental

---

[1] Even if Petitioner's claims of ineffective assistance of counsel as to attorney French were not procedurally barred as a result of Petitioner's failure to raise the claims on direct appeal, they would be barred because of his failure to appeal from the trial court's denial of Petitioner's motion for certification as a child. See Okla. Stat. tit. 10, § 7306-1.1(G) (providing that an order denying a motion for certification as a child is an appealable order); see also Mooney v. State, 990 P.2d 875, 884 (Okla. Crim. App. 1999) (finding that claims challenging validity of certification order were improperly brought on direct appeal).

7

miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's argument that the claims asserted in the petition are procedurally barred, Petitioner argues that his "claims are substantive and mandate plain-error review as they can never be waived or ignored" and that "Oklahoma's *waiver rule* does not apply to fundamental trial errors." (Dkt. # 6 at 1, 6). In other words, the focus of Petitioner's reply is that the state courts erred in imposing a procedural bar on his claims rather than considering the claims on the merits. However, as stated above, this Court must recognize the state courts' procedural bar unless Petitioner demonstrates "cause and prejudice" to overcome the bar. Petitioner fails to offer any explanation for his failure to raise the issues identified in the petition prior to his application for post-conviction relief.

To the extent a claim of ineffective assistance of appellate counsel is buried in the legal jargon used generously throughout the petition and the reply, the Court finds Petitioner has failed to demonstrate that appellate counsel performed deficiently in failing to raise the defaulted claims. Although it is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default, Carrier, 477 U.S. at 488-89, Petitioner in this case cannot demonstrate that appellate counsel performed deficiently. Petitioner waived any claim arising at the reverse certification hearing when he failed to appeal the trial court's denial of his application for certification as a child. See Mooney v. State, 990 P.2d 875, 884 (Okla. Crim. App. 1999) (holding that under Oklahoma law, Okla. Stat. tit. 10, § 7306-1.1, "[a]n order certifying a person as a child or denying the request for certification as a child ... [is] a final order, appealable when entered" and that failure to perfect a timely appeal from the trial court's

certification order results in waiver of any claim that should have been brought in an appeal). Petitioner offers no explanation for his failure to appeal from the trial court's certification order. Because it would have been improper to raise the claims on direct appeal, appellate counsel did not perform deficiently in failing to raise the defaulted claims. See id. As a result, any claim of ineffective assistance of appellate counsel cannot be considered "cause" to overcome the procedural bar in this case. The Court concludes Petitioner has failed to demonstrate cause sufficient to excuse the procedural default of his claims in state court.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In his pleadings, Petitioner asserts that he is not guilty of premeditated murder because he did not possess the requisite intent. See, e.g., Dkt. # 1 at 16. That claim, however, goes to legal innocence and does not go to factual innocence. As a result, the Court concludes that Petitioner does not fall within the fundamental miscarriage of justice exception. Beavers, 216 F.3d at 923.

Having failed to overcome the procedural bar imposed on his claims, this Court is precluded from considering Petitioner's claims arising from the hearing on his application for certification as a child. For that reason, habeas corpus relief shall be denied as to those claims.

**C. Challenge to post-conviction rulings by the state courts not cognizable**

In his petition, Petitioner also complains that the state courts' imposition of a procedural bar on the claims asserted in his application for post-conviction relief and denial of his request for an evidentiary hearing were improper. See Dkt. # 1 at 18-21. Petitioner's claims challenge the interpretation and application of Oklahoma's Post-Conviction Procedure Act by the state district court and the OCCA. Specifically, Petitioner asserts that Oklahoma's corrective process has been inadequate to afford him a full and fair determination on the merits of his claim and that the OCCA erred in applying the Post-Conviction Procedure Act to preclude consideration of his claims challenging the outcome of the certification proceeding. The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review. See Phillips v. Ferguson, 182 F.3d 769, 773-74 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993); Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (stating that "[e]ven if the state postconviction petition was dismissed arbitrarily, the petitioner can present anew to the federal courts any claim of violation of his federal constitutional rights"), *overruled on other grounds*, Sawyer v. Smith, 497 U.S. 227 (1990). As a result, Petitioner's claims, to the extent they challenge the interpretation and application of Oklahoma's post-conviction procedures by the OCCA, are not cognizable in this federal habeas corpus and shall be denied on that basis.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**IT IS SO ORDERED** this 21st day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT